## FRANCIS J. GODDARD *vs.* JOHN PERKINS & another.

An action of trespass, in which the defendant justifies under a claim of right, exercised without unnecessary force, cannot be transmitted to this court upon exceptions to a *pro forma* ruling of the court of common pleas that " not considering the question of damages, the plaintiff could not maintain his action," without disposing of the question whether unnecessary force was used.

ACTION OF TORT for breaking and entering the dwelling-house, connected with the jail in Plymouth, occupied by the plaintiff, as deputy jailer under appointment by the county commissioners. Answer, that the defendant Perkins was sheriff of Plymouth County, and entitled as such to the custody and control of all the county buildings and property, and that the entry of the defendants was without unnecessary force, and to enable Perkins to execute with fidelity his official duty.

Trial in the court of common pleas before *Sanger*, J., who signed a bill of exceptions, which stated that, after the first witness for the plaintiff had been partly examined, " the court suggested that the counsel for the plaintiff should confine himself to such facts as were necessary to maintain the case, independent of damages." The bill of exceptions recited all the evidence, and concluded as follows : " Upon this evidence, the presiding judge ruled *pro forma*, that, not considering the question of damages, the plaintiff could not maintain his action,

and thereupon a *pro forma* verdict was taken for the defendants; to which ruling the plaintiff excepts."

*E. Wilkinson & B. Sanford*, for the plaintiff.

*J. M. Keith & S. J. Gordon*, for the defendants.

SHAW, C. J. As the case now stands, if we overrule the exceptions, we can only affirm the judgment on the verdict; otherwise we should decide a mere abstract question, leaving at least one of the issues in the cause, namely, whether excessive force was used, wholly undetermined and to be settled by another trial. Parties should bear in mind that, under our present system, a judgment of the court of common pleas is a final judgment, subject only to be set aside, on exceptions or appeal, for erroneous rulings in matter of law. Rev. Sts. *c.* 82, §§ 12–15. *St.* 1840, *c.* 87, §§ 4, 5.

This ruling is said in the exceptions to have been "*pro forma.*" But the parties were entitled to the judge's opinion, to his best judgment, on every question of law arising in the course of the trial. The case stands very differently from a case in this court, which a judge may, in his discretion, or on the motion of either party, reserve for the opinion of the whole court, and break off the trial for that purpose. Rev. Sts. *c.* 81, §§ 26, 27. The ruling of the judge of the court of common pleas, as stated at the close of the bill of exceptions, was entirely irregular, and as the plaintiff is unwilling to let his whole case depend upon the main question of right, the entry must be

*Exceptions vacated; case remitted to the court of common pleas, with directions to set aside the verdict, and grant a new trial upon the whole matter in issue.*

NOTE. By *St.* 1859, *c.* 196, § 32, the superior court is authorized, after verdict, to report a case for determination by this court.